```
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- X
                                        )
Allan Tannenbaum,                       )
                       Plaintiff,       )   C.A. No. 25-cv-07811 (JSR)
                                        )
                                        )
            v.                          )   Answer
                                        )
Heavy Inc.,                             )
                                        )
                       Defendant.       )
                                        )
--------------------------------------- X
```

Defendant Heavy, Inc. ("Heavy" or "Defendant"), by its attorneys Lebowitz Law Office, LLC., for its answer to the complaint (the "Complaint") filed by Allan Tannenbaum ("Tannenbaum" or "Plaintiff"), avers as follows:

## INTRODUCTION

1. The allegations contained in paragraph 1 contain legal conclusions to which no response is required.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2.

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3.

4. Denies the allegations in paragraph 4, except admits that Heavy is a digital media company and delivers, among other content, sports news.

5. Denies the allegations in paragraph 5, except admits that Defendant operates entertainmentnow.com

6. Denies the allegations in paragraph 6.

## PARTIES

7.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7.

8.   Denies the allegations in paragraph 8.

## JURISDICTION AND VENUE

9.   The allegations contained in paragraph 9 contain legal conclusions to which no response is required.

10.  The allegations contained in paragraph 10 contain legal conclusions to which no response is required, except denies that defendant maintains its principal place of business in New York.

11.  The allegations contained in paragraph 11 contain legal conclusions to which no response is required.

## FACTS COMMON TO ALL CLAIMS

A. Plaintiff's Copyright Ownership

12.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12.

13.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13.

14.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14.

15.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15.

16.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16.

17.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18.

19. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26.

B. <u>Defendant's Infringing Activity</u>

27. Denies the allegations contained in paragraph 27, except admits that Defendant owns the Website.

28. Denies the allegations contained in paragraph 28, except admits that Defendant owns the Website.

29. Denies the allegations contained in paragraph 29.

30. Denies the allegations contained in paragraph 28, except admits that Heavy owns and operates Heavy.com.

31. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 31; the allegations are simply too vague and unclear.

32. Denies knowledge or information sufficient to form a belief as to the allegations on paragraph 32; the allegations are simply too vague and unclear.

33. Denies the allegations contained in paragraph 33.

34. Denies the allegations contained in paragraph 34.

35. Denies the allegations contained in paragraph 35.

36. Denies the allegations in paragraph 36.

37. Denies the allegations in paragraph 37, except admits that Defendant embedded a link to YouTube, with an explicit license from YouTube.

38. Denies the allegations in paragraph 38.

39. Denies the allegations in paragraph 39, except admits that Defendant embedded a link to YouTube, with an explicit license from YouTube.

40. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 40.

41. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 41.

42. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 42.

43. Denies the allegations contained in paragraph 43.

44. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 44.

45. Denies the allegations contained in paragraph 45.

46. Denies the allegations contained in paragraph 46.

47. Denies the allegations contained in paragraph 47.

48. Denies the allegations contained in paragraph 48.

49. Denies the allegations contained in paragraph 49.

50. Denies the allegation in paragraph 50.

51. Denies the allegations contained in paragraph 51.

52. Denies the allegations contained in paragraph 52, except admits that Defendant operates the Website.

53. Denies the allegations contained in paragraph 53, except admits that Defendant operates the Website.

54. Denies the allegations contained in paragraph 54.

55. Denies the allegations contained in paragraph 55.

56. Denies the allegations contained in paragraph 56.

57. Denies the allegations contained in paragraph 57.

58. Denies the allegations contained in paragraph 58.

59. Denies the allegations contained in paragraph 59.

60. Denies the allegations contained in paragraph 60, except refers the Court to any referenced documents for their content.

61. Denies the allegations contained in paragraph 61, except refers the Court to any referenced documents for their content.

62. Denies the allegations contained in paragraph 62.

63. Denies the allegations contained in paragraph 63.

64. Denies the allegations contained in paragraph 64.

## FIRST COUNT

65. In response to paragraph 65 of the Complaint, Defendant

incorporates its responses to each and every prior allegation.

66. Denies the allegations in paragraph 66.

67. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 67.

68. Denies the allegations contained in paragraph 68.

69. Denies the allegations contained in paragraph 69.

70. Denies the allegations contained in paragraph 70.

71. Denies the allegations contained in paragraph 71.

72. Denies the allegations contained in paragraph 72.

73. Denies the allegations contained in paragraph 73.

74. Denies the allegations contained in paragraph 74.

75. Paragraph 75 of the Complaint is Plaintiff's jury demand.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses in response to the allegations, without assuming the burden of proof with respect to any issue as to which applicable law places the burden of proof upon Plaintiff. Heavy reserves the right to supplement, amend, or delete any or all of the following defenses, as warranted by discovery or other investigation, or as justice may require. Heavy further reserves the right to withdraw defenses that it determines are not applicable during the course of discovery or other proceedings in this action.

## **FIRST AFFIRMATIVE DEFENSE**

The alleged infringements were originally posted on YouTube and later embedded by Defendant pursuant to YouTube's Terms of Service.

As a user of YouTube, Defendant was granted a license to embed the videos. See <u>Richardson v. Townsquare Media, Inc.</u> (S.D.N.Y. January 14, 2025) 2025 WL 89191 (AKH)

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has chosen to allow the material in question to remain on YouTube while wrongfully pursuing a good-faith embedder for "license fees."  In fact, Plaintiff's alleged copyrighted material remains up on YouTube,  despite Plaintiff representing in his Complaint that he "never authorized YouTube to store or display" said content. Nevertheless, as soon as Plaintiff wrote to Defendant claiming he did not authorize the YouTube embedding, Defendant immediately disabled the embedded links on its end.

### THIRD AFFIRMATIVE DEFENSE

Defendant is entitled to the "safe harbor" protections of the Digital Millennium Copyright Act. Heavy chose to disable the authorized link upon receipt of the Plaintiff's "audit letter."

### FOURTH AFFIRMATIVE DEFENSE

 Plaintiff's claims are barred to the extent the allegedly unlawful or infringing use of the works at issue were licensed or otherwise authorized by persons or entities with the right to license or authorize such use.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of implied license.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, by the doctrines of acquiescence, laches, equitable estoppel, waiver, and/or unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's prayer for statutory damages and attorney's fees under the Copyright Act is barred to the extent the copyrights in issue do not meet the registration requirements of the Copyright Act, including 17 U.S.C. § 412(2).

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for statutory damages are barred in whole or in part because Heavy did not act with the requisite degree of intent or fault.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process clause.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he sustained no injury in fact nor damage caused by an act or omission of Heavy.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Heavy's conduct was in good faith and with non-willful intent at all times.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by his failure to join indispensable parties, including X and the New York Post.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to Heavy.

**SIXTEENTH AFFIRMATIVE DEFENSE**

If Plaintiff suffered any injury or damages as alleged in the Complaint, which is expressly denied, then said damages or injuries resulted from his own acts and/or omissions and were not proximately caused by any action of Heavy.

**SEVENTEETH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail to state a claim upon which relief may be granted.

**DEMAND FOR A JURY TRIAL**

Defendant hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

**PRAYER FOR RELIEF**

WHEREFORE, defendant Heavy, Inc. respectfully requests that this Court:

1. Dismiss Plaintiff's Complaint and each claim against Heavy Inc. alleged herein;

2. Deny Plaintiff the relief that he seeks;

3. Grant Heavy, Inc. its reasonable costs and attorneys' fees incurred in defending against Plaintiff's Complaint; and

4. Grant such other and further relief as the Court may deem just and proper.

Dated: November 7, 2025
Clermont, New York

Lebowitz Law Office, LLC

By: _____
Marc A. Lebowitz (ML 7381)
103 Banks Lane
Clermont, New York 12526
(518)537-3399

*Attorneys for Defendant Heavy Inc.*